**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Ocala Division

Case No.: 5:26-cv-00386

NICOLE ELIZABETH GILLETTE,

 Plaintiff,

 vs.

DELTA AIR LINES, INC.,

 Defendant.

 _____/

**COMPLAINT FOR DAMAGES**
**PURSUANT TO THE MONTREAL CONVENTION**

Plaintiff, NICOLE ELIZABETH GILLETTE, hereby sues defendant DELTA AIR LINES,

INC. (hereinafter referred to as "DELTA AIR LINES, INC., and alleges as follows:

**JURISDICTION, VENUE, & PARTIES**

1. This action is filed under the laws and treaties of the United States, including *The*

*Convention for the Unification of Certain Rules for International Carriage By Air* (hereinafter

referred to as the "Montreal Convention"); 49 U.S.C. 40105, et. seq., and all relevant laws

applicable thereunder.

2. This is an action for damages in excess of Seventy Five Thousand Dollars

($75,000.00).

3. Defendant, DELTA AIR LINES, INC., is a foreign corporation organized and

existing under the laws of the State of Delaware, with its principal place of business located in

Atlanta, Georgia. At all times material hereto, DELTA AIR LINES, INC., was engaged in the

business of commercial international air transportation, including operating the subject

1

international flight at issue in this action, and conducted substantial business throughout the State of Florida, including within the Middle District of Florida.

4.      Subject matter jurisdiction also exists pursuant to 28 U.S.C. 1B6 875(a). This is a civil action arising under the laws and treaties of the United States, including *The Convention for the Unification of Certain Rules for International Carriage By Air* (hereinafter referred to as the "Montreal Convention"); 49 U.S.C. 40105, et. seq., and all relevant laws applicable thereunder. Therefore, this case presents a "Federal Question."

5.      At all times material hereto, Plaintiff, NICOLE ELIZABETH GILLETTE, was and is a citizen of the United States and a resident of the Clermont, Florida, Lake County, Florida. She is *sui juris*.

6.      Defendant DELTA AIR LINES, INC. owned, operated, possessed, maintained, and/or controlled the Flight DL211 aircraft in which Plaintiff, NICOLE ELIZABETH GILLETTE, was injured (hereinafter referred to as "the subject aircraft"). Defendant DELTA AIR LINES, INC. exercises control over the activities of all of its aircraft, including the subject aircraft.

7.      Venue is proper in the Middle District of Florida pursuant to Article 33 of the Montreal Convention and 28 U.S.C. § 1391 because Plaintiff resides within this District and Defendant conducts business within this District.

8.      Any and all conditions precedent to the maintenance of this action have been complied with.

### GENERAL FACTUAL ALLEGATIONS

9.      Plaintiff NICOLE ELIZABETH GILLETTE was a passenger on DELTA AIR LINES, INC. Flight DL211 from Cape Town, South Africa to Atlanta, GA.

10.    Plaintiff NICOLE ELIZABETH GILLETTE sustained serious and permanent injuries during Flight DL211, which will be described more fully herein.

11.    Plaintiff, NICOLE ELIZABETH GILLETTE, departed from Cape Town International Airport on January 12, 2025, aboard Delta Air Lines Flight DL211 en route to Hartsfield-Jackson Atlanta International Airport when the subject incident occurred.

12.    During the flight, Plaintiff sustained serious bodily injuries when a heavy overhead carry-on bag fell from an overhead compartment and struck Plaintiff in the head while she was seated and sleeping.

## COUNT I – BODILY INJURY CLAIM PURSUANT TO THE MONTREAL CONVENTION

13.    The accident that caused bodily injury to Plaintiff took place onboard the aircraft. Therefore, Defendant DELTA AIR LINES, INC. is liable for the damages sustained pursuant to Article 17, section 1, Montreal Convention.

14.    Pursuant to Article 21, section 1, Montreal Convention, Defendant DELTA AIR LINES, INC. cannot exclude or limit its liability for Plaintiff's damages not exceeding 151,880 Special Drawing Rights (this sum is subject to period change).

15.    Plaintiff has suffered damages in excess of 151,880 Special Drawing Rights. Defendant DELTA AIR LINES, INC., is liable for these damages as well since it cannot prove that:

   a.  Such damage was not due to the negligence or other wrongful act or omission of Defendant DELTA AIR LINES, INC., or its servants or agents; or that

   b.  Such damage was solely due to the negligence or other wrongful act or omission of a third-party.

16. As a result of the conduct, negligence, wrongful acts, and omissions of Defendant DELTA AIR LINES, INC., Defendant DELTA AIR LINES, INC. will be strictly and automatically liable to Plaintiff, NICOLE ELIZABETH GILLETTE, for all of her injuries and damages under both Article 21(1) and 21(2) of the Montreal Convention. Therefore, Defendant DELTA AIR LINES, INC. is subject to unlimited Damages.

17. At all times material hereto, Defendant DELTA AIR LINES, INC. had a duty to operate and control the subject aircraft with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind to the passengers, including Plaintiff, NICOLE ELIZABETH GILLETTE.

18. As an airline owner and operator, Defendant DELTA AIR LINES, INC. had a duty to exercise reasonable care in the safety of its passengers, including Plaintiff, NICOLE ELIZABETH GILLETTE, while operating the subject aircraft. This includes the duty to safely operate the subject aircraft and to avoid placing Plaintiff, NICOLE ELIZABETH GILLETTE, in a position of immediate peril and risk of injuries.

19. Defendant DELTA AIR LINES, INC., by and through its agents, servants and employees, breached its duty to use reasonable care and/or to exercise the highest degree of care in the following ways:

    a. Failing to properly secure carry-on baggage within the overhead compartment;

    b. Failing to maintain the overhead compartment in a reasonably safe condition;

    c. Failing to adequately inspect and monitor the storage of passenger carry-on baggage;

    d. Failing to warn passengers of dangerous conditions aboard the aircraft; and

e. Otherwise failing to exercise reasonable care for the safety of passengers onboard the aircraft.

20. As a direct and proximate result of the negligence, wrongful acts and/or omissions of Defendant DELTA AIR LINES, INC., by and through its agents, servants, and employees, Plaintiff, NICOLE ELIZABETH GILLETTE, sustained serious and permanent injuries and damages. Her injuries were sustained on board the subject aircraft and constitute compensable bodily injuries under Article 17(1) of the Montreal Convention.

21. As a direct and proximate result of the negligence, wrongful acts and omissions of Defendant DELTA AIR LINES, INC., Plaintiff, NICOLE ELIZABETH GILLETTE, has suffered in the past, and will continue to suffer in the future the following injuries and damages:

a. Bodily injury;

b. Pain and Suffering;

c. Disability;

d. Disfigurement and Scarring;

e. Loss of the capacity for the enjoyment of life;

f. Aggravation of pre-existing conditions;

g. Expenses for medical, surgical, and hospital care and treatment;

h. Rehabilitation and therapy expenses;

i. Mental distress.

WHEREFORE, Plaintiff NICOLE ELIZABETH GILLETTE demands judgment against DELTA AIR LINES, INC. for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs; for compensatory damages in the full amount of the prevailing Special Drawing Rights (SDR's) under Article 21(1) of the Montreal

Convention; plus compensatory damages under article 21(2) of the Montreal Convention, in excess of the prevailing Special Drawing Rights (SDR's).

## DEMAND FOR JURY TRIAL

Plaintiff, NICOLE ELIZABETH GILLETTE, demands trial by jury on all issues triable as of right by a jury.

Dated: May 13, 2026

Respectfully submitted,

_____
ERIC C. HAYDEN, ESQ.
Fla. Bar No.: 100923
ZOELLER, HAYDEN & THRON, P.A.
Attorneys for Plaintiff
2845 PGA Blvd.
Palm Beach Gardens, FL  33410
Telephone:     (561) 689-8180
Facsimile:     (561) 684-9683
ehayden@zoellerlaw.com
lmilan@zoellerlaw.com
mlentine@zoellerlaw.com